AUSA: Blaine Longsworth Telephone: (810) 766-5177
AO 91 (Rev. 11/11) Criminal Complaint Special Agent: Nathan Sutara Telephone: (810) 341-5710

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.

Sam Williams Jr.,

Case: 4:26-mj-30709
Judge: Ivy, Curtis
Filed: 11-10-2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 25, 2026 in the county of Genesee in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 21 U.S.C. § 841(a) | Possession with intent to distribute crack cocaine. |

This criminal complaint is based on these facts:

I have probable cause to believe that on October 25, 2026, Sam Williams Jr. violated 18 U.S.C. § 922(g)(1)-felon in possession of a firearm and 21 U.S.C. § 841(a)-possession with intent to distribute crack cocaine.

☑ Continued on the attached sheet.

*Complainant's signature*

Nathan Sutara, Special Agent - ATF&E
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

*Judge's signature*

Date: November 9, 026

City and state: Flint, MI

Curtis Ivy, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Nathan Sutara, being duly sworn, depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since May 2018. I am currently assigned to the Detroit, Michigan Field Division, Flint Field Office. As an ATF agent, I am tasked with investigating criminal violations involving firearms, narcotics and violent crime offenses including violations of Title 18 and Title 21 of the United States Code. Before working with ATF, I was employed by the Michigan Department of State Police (MSP) for approximately five years. I held several positions with MSP, including Detective/Trooper with the Major Case Unit in Saginaw, Michigan. During this employment, I investigated numerous incidents involving violations of state and federal firearms laws, robberies, shootings, and homicides, as well as narcotics trafficking.

2. I make this affidavit based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of documents, and information gained through my training and experience. The information outlined below is provided

for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3. Based on the facts below, there is probable cause to believe that on October 25, 2026, Sam Williams Jr. violated 18 U.S.C. § 922(g)(1)-felon in possession of a firearm and 21 U.S.C. § 841(a)-possession with intent to distribute crack cocaine.

## PROBABLE CAUSE

4. On October 25, 2026, at approximately 9:20 pm, a Michigan State Police trooper was on patrol in a fully marked patrol vehicle when he observed a Ford Fusion driving without taillights illuminated, despite it being dark outside. The trooper first saw the Ford Fusion traveling north on Ballenger Highway, near Wolcott, in Flint, within the Eastern District of Michigan. The trooper queried the license plate number and learned that the car did not have insurance. The trooper pulled the car over for these infractions. The car ultimately stopped on Welch Boulevard near Ballenger Highway.

5. The trooper then made contact with the occupants: Sam Williams Jr. was the driver and La***** Johnson occupied the front-passenger seat.

6. When speaking with Williams, the trooper observed what looked like the end of a handgun magazine protruding from under the driver's seat. When the trooper asked Williams what was underneath his seat, Williams reached down and

pushed it further underneath his seat.

7. The trooper had Williams and Johnson exit the car. During a search, a trooper found a Sarsilmaz, model SAR9, 9mm pistol under the driver's seat. The gun was loaded with a large capacity magazine holding 20 rounds of ammunition. The gun had previously been reported stolen.

8. A trooper also found a clear plastic baggie containing loose quantities of suspected crack cocaine on the floorboard directly behind the driver's seat. That baggie also contained several individually wrapped quantities of suspected crack cocaine inside small plastic tie-off baggies. The suspected cocaine has a total approximate weight of 12.8 grams. The suspected crack cocaine field-tested positive for the presence of cocaine.

9. Based on my training and experience, this amount of crack cocaine is more than a personal use amount. A typical user would have far less than this amount on their person. The crack cocaine was individually packaged into numerous plastic tie-off baggies. I know through experience that drug dealers commonly weigh and pre-package small amounts to efficiently sell and distribute controlled substances in the community. Plus, the troopers did not observe any paraphernalia for using crack cocaine in the car or on Williams and Johnson.

10. The troopers arrested Williams for firearm and drug offenses. They also arrested Johnson for a separate firearm crime related to a second gun that

troopers found in her purse.

11. When at the scene, a trooper advised Williams of his *Miranda* rights. Williams stated he understood his rights and agreed to answer questions. Williams initially denied knowing about the firearm and suspected crack cocaine. He later asked what was going to happen to Johnson. A trooper told him that Johnson would face charges for a second firearm and for the suspected cocaine. Williams admitted that the cocaine belonged to him and was not Johnson's.

12. On November 9, 2026, I spoke with Special Agent Kyle Sutton who has received specialized training regarding the manufacture and shipping of firearms. Agent Sutton stated that the Sarsilmaz, model SAR9, 9mm pistol was manufactured outside the state of Michigan.

13. In 1988, Williams was convicted of second-degree murder and felony firearm in the Genesee County Circuit Court in Michigan. According to criminal history records, the court sentenced Williams to serve a 25–50 year sentence for the murder and two years for the felony firearm offense. Because Williams served more than one year in prison for both of these felonies, I believe that Williams knew he had been previously convicted of an offense punishable by more than one year imprisonment when he possessed the gun described above in October 2026.

**CONCLUSION**

14. Based on the above information, I have probable cause that on October 25, 2026, in the Eastern District of Michigan, Sam Williams Jr. violated 18 U.S.C. § 922(g)(1)-felon in possession of a firearm and 21 U.S.C. § 841(a)-possession with intent to distribute crack cocaine.

Respectfully submitted,

Nathan Sutara
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Hon. Curtis Ivy, Jr.
United States Magistrate Judge